# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAMS SCOTSMAN, INC. ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No.: 14-1033 |
| v. ) | Jury Trial Demanded |
| ) | |
| TRS RANGE SERVICES, LLC, ) | |
| ) | |
| Serve at:   Kerry O'Neal ) | |
|              Registered Agent ) | |
|              4186 W Houseland Court ) | |
|              Eagle, ID 83616 ) | |
| ) | |
|     Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Williams Scotsman, Inc. ("WSI), and for its Complaint against Defendant TRS Range Services, LLC ("TRS") states and avers as follows:

## PARTIES

1. Plaintiff WSI is a Maryland corporation with its principal place of business in Baltimore, Maryland.

2. Defendant TRS is a limited liability company organized and existing under the laws of the State of Idaho with it principal place of business in Eagle, ID.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and the real property and improvements that are the subject of this Complaint are situated in this district. Additionally, the agreement between Plaintiff and Defendant contains a venue selection clause which states that any proceedings concerning the contract, including collections of amount due, shall be conducted in a venue where the project is located.

## COUNT I – BREACH OF CONTRACT

5. TRS entered into a prime contract (the "Prime Contract") with an agency of the United States of America for the construction of improvements at a shooting range facility located in the City of St. Louis, Missouri (the "Project").

6. Upon information and belief, the agency of the United States that entered into the Prime Contract with TRS was the Federal Bureau of Investigation (the "FBI" or "Owner").

7. The real property upon which the Project is located is owned by the City of St. Louis, Missouri.

8. WSI entered into a subcontract with TRS on June 14, 2012 (the "Subcontract).

9. A true and accurate copy of the Subcontract is attached to this Complaint as Exhibit A.

10. WSI's scope of work to be performed under the Subcontract was the fabrication, delivery and installation of a modular building.

11. TRS agreed to pay WSI the lump sum amount of $223,071.00 in consideration of the scope of work performed by WSI.

12. During the course of the project, parties modified the scope of work to be performed by WSI concerning the electrical feeder. As a result, TRS agreed to pay WSI the additional sum of $2,415.00 as a change order.

13. The final Subcontract price was $225,486.00

14. To date, TRS has paid WSI the amount of $150,000.00

15. The terms of the Subcontract did not confer the right upon TRS to withhold retainage from WSI.

16. The amount due and owing to WSI for its performance of the Subcontract is $75,486.00.

17. Upon information and belief, the Owner has paid TRS in full for WSI's work on the Project.

18. Upon information and belief, the Owner has made no claims against TRS related to WSI's work.

19. Upon information and belief, the Owner has no present complaints related to WSI's work.

20. WSI performed its obligations under the Subcontract in a timely, good, and workmanlike manner, and has satisfied all conditions precedent to TRS' obligation to pay WSI, but TRS has unjustifiably failed and refused to perform its obligations under the Subcontract by failing to fully pay WSI.

21. WSI has demanded payment from TRS for the unpaid Subcontract balance of $75,486.00.

22. TRS' failure to timely and fully pay WSI for WSI's work on the Project is a material breach of the Subcontract.

23. As a result of TRS' breach of the Subcontract, WSI has incurred damages in the principal amount of $75,486.00, plus the lost use of the money since the date it was due until present and attorneys' fees in pursuing recovery of its damages.

24. WSI is entitled to penalty interest pursuant to the Federal Prompt Payment Act, 31 U.S.C. §§ 3901 *et seq*.

25. WSI is entitled to recover its attorneys' fees pursuant to Article 14 of the Subcontract.

WHEREFORE, Plaintiff Williams Scotsman, Inc. prays this Court enter judgment in its favor and against Defendant TRS Range Services, LLC on Count I in the sum of Seventy-Five Thousand Four Hundred Eighty-Six and 00/100 Dollars ($75,486.00), together with pre and post-judgment interest, attorneys' fees and court costs incurred herein, and for such other and further relief which the Court deems necessary and proper.

## COUNT II – QUANTUM MERUIT
### (Brought in the Alternative to Count I)

26. Plaintiff WSI incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 7 and 17 – 19 as if fully set forth herein.

27. Count II is asserted in the alternative to Count I.

28. At TRS' special instance and request, WSI furnished certain labor, materials, equipment, services and work related to the manufacture, delivery and installation of a modular building (the "Work") to and for the benefit of TRS for TRS' work on the Project.

29. At all relevant times, TRS knew that WSI was providing said Work for the Project; TRS acquiesced in WSI's provision of said Work; and TRS accepted WSI's Work, which directly benefited TRS and the Project.

30. All of the aforesaid Work was provided by WSI in a timely, good and

workmanlike manner, free of defect.

31. The fair and reasonable value of WSI's Work provided to TRS is $225,486.00.

32. To date and without justification, TRS has failed to fully pay WSI, leaving a principal balance due and owing of $75,486.00, together with statutory interest.

33. WSI has demanded that TRS pay WSI the principal balance of $75,486.00 for its work; however, TRS has refused and failed to make any payment on this principal balance to WSI.

34. TRS is justly indebted to WSI in the principal amount of $75,486.00, plus statutory interest for the aforesaid Work provided by WSI.

35. As a direct result of WSI having performed work for TRS, and TRS' failure to pay for the same, TRS has been unjustly enriched to the detriment of WSI in an amount in excess of $75,486.00 plus lost use of that amount from the date the sum was first due.

36. TRS' acceptance and retention of such benefit is inequitable as TRS has enjoyed the full measure of privileges and economic advantages derived from WSI's Work, including payment from the Owner, while WSI has not been properly compensated in return.

37. As a direct result of TRS' failure to pay WSI, WSI has been damaged in the principal amount of $75,486.00 plus statutory interest.

38. WSI is entitled to penalty interest pursuant to the Federal Prompt Payment Act, 31 U.S.C. §§ 3901 *et seq*.

WHEREFORE, Plaintiff Williams Scotsman, Inc. prays this Court enter judgment in its favor and against Defendant TRS Range Services, LLC on Count II in the sum of Seventy-Five Thousand Four Hundred Eighty-Six and 00/100 Dollars ($75,486.00), together with pre and post-judgment interest, penalty interest pursuant to the Federal Prompt Payment Act, attorneys'

fees and court costs incurred herein, and for such other and further relief which the Court deems necessary and proper.

        Respectfully submitted,

        GREENSFELDER, HEMKER & GALE, P.C.

By  */s/*Daniel P. Schoenekase         .
    Daniel P. Schoenekase, #56686MO
    dps@greensfelder.com
    William Holthaus, #63888MO
    wholthaus@greensfelder.com
    10 S. Broadway, Suite 2000
    St. Louis, MO 63102
    (314) 241-9090
    (314) 241-345-5467 (fax)

*Attorneys for Plaintiff Williams Scotsman, Inc.*